UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :
                                  :   CONSENT PRELIMINARY ORDER
            - v. -                :   OF FORFEITURE AS TO
                                  :   SPECIFIC PROPERTY/MONEY
KYLE WEILAND,                     :   JUDGMENT
                                  :
            Defendant.            :   18 Cr. 273 (LGS)
- - - - - - - - - - - - - - - - - x

WHEREAS, on April 9, 2018, KYLE WEILAND (the "defendant"), was charged in a three-count Indictment, 18 Cr. 273 (LGS) (the "Indictment"), with three counts of distributing and possessing with intent to distribute the controlled substance alprazolam, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(2), and Title 18, United States Code, Section 2 (Counts One through Three);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three of the Indictment seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One through Three of the Indictment and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts One through Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of

the offenses charged in Counts One through Three of the Indictment that the defendant personally obtained;

WHEREAS, on or about September 20, 2018, the defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 853, (i) a sum of money equal to $1,000,000.00 in United States currency, representing property constituting, or derived from, or proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment, and property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Indictment, and (ii) all right, title and interest of the defendant in the following specific property (a) Assorted cryptocurrency seized in connection with the defendant's arrest on the Indictment; (b) gold bars seized in connection with the defendant's arrest on the Indictment; (c) $34,077.00 in United States currency seized in connection with the defendant's arrest on the Indictment; (d) Five (5) assorted watches seized in connection with the defendant's arrest on the Indictment; (e) One White 2004 Ford F-350 Truck, bearing VIN Number 1FTWW33P44EA05102 seized in connection with the defendant's arrest

on the Indictment; and (f) the real property located at 2580 Rt 6, Slate Hill, New York 10973;

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $1,000,000.00 in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment that the defendant personally obtained as well as the property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Count One of the Indictment;

WHEREAS, the defendant further consents to the forfeiture of all his right, title, and interest in:

a) 0.584133 Bitcoin currency, seized from the defendant on April 11, 2018, at 55 Old Mt. Peter Rd, Warwick, NY 10990;

b) 0.000495 Bitcoin currency, seized from the defendant on April 11, 2018, at 55 Old Mt. Peter Rd, Warwick, NY 10990;

c) 14.10170747 Bitcoin, seized from the defendant on April 11, 2018, at 55 Old Mt. Peter Rd, Warwick, NY 10990;

d) 10.4972241 Bitcoin currency, seized from the defendant on April 11, 2018, at 55 Old Mt. Peter Rd, Warwick, NY 10990;

e) 35.77437089 Ethereum currency, seized from the defendant on April 11, 2018, at 55 Old Mt. Peter Rd, Warwick, NY 10990;

f) 56,688 Ripple (XRP) currency, seized from the defendant on April 11, 2018, at 55 Old Mt. Peter Rd, Warwick, NY 10990;

g) 50,493.456 Tron currency, seized from the defendant on April 11, 2018, at 55 Old Mt. Peter Rd, Warwick, NY 10990;

h) 13,498.488 Cardano currency, seized from the defendant on April 11, 2018, at 55 Old Mt. Peter Rd, Warwick, NY 10990;

i) 75.228747669998 Monero currency, seized from the defendant on April 11, 2018, at 55 Old Mt. Peter Rd, Warwick, NY 10990;

(a - i collectively, the "Cryptocurrency");

j) One (1) 50 gram Perth Mint gold bar bearing identification no. C000813 seized from the defendant on April 11, 2018, at 55 Old Mt. Peter Rd, Warwick, NY 10990;

k) One (1) 50 gram Perth Mint gold bar bearing identification no. C000805 seized from the defendant on April 11, 2018, at 55 Old Mt. Peter Rd, Warwick, NY 10990;

l) One (1) 50 gram Perth Mint gold bar bearing identification no. C000816 seized from the defendant on April 11, 2018, at 55 Old Mt. Peter Rd, Warwick, NY 10990;

m) One (1) 50 gram Perth Mint gold bar bearing identification no. C000822 seized from the defendant on April 11, 2018, at 55 Old Mt. Peter Rd, Warwick, NY 10990;

n) One (1) 100 gram Valcambi Suisse gold bar bearing identification no. AA 122762 seized from the defendant on April 11, 2018, at 55 Old Mt. Peter Rd, Warwick, NY 10990;

o) One (1) 100 gram Valcambi Suisse gold bar bearing identification no. AA 122365 seized from the defendant

                on April 11, 2018, at 55 Old Mt. Peter Rd, Warwick, NY 10990;

(j – 0 collectively, the "Gold Bars"),

    p) $34,077.00 in United States currency seized from the defendant on April 11, 2018, at 55 Old Mt. Peter Rd, Warwick, NY 10990 (the "Seized U.S. Currency");

    q) Five (5) assorted counterfeit Rolex-branded watches seized from the defendant on April 11, 2018, at 55 Old Mt. Peter Rd, Warwick, NY 10990 (the "Seized Watches");

    r) One White 2004 Ford F-350 truck bearing VIN Number 1FTWW33P44EA05102; (the "Ford Truck") and

    s) that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 2580 Rt 6, Slate Hill, New York 10973 (the "Slate Hill Property");

(a through s, collectively, the "Specific Property"), the Cryptocurrency, the Gold Bars, the Seized U.S. Currency, and the Seized Watches constituting proceeds of the offense charged in Count One of the Indictment, and the Slate Hill Property and the Ford Truck constituting property used or intended to be used to facilitate the offense charged in Count One of the Indictment;

    WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the defendant personally obtained, and the property used or intended to be used

to facilitate the offense charged in Count One of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorneys, Jessica Greenwood and Michael C. McGinnis, of counsel, and the defendant, and his counsel, Elena Fast, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the defendant pled guilty, a money judgment in the amount of $1,000,000.00 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the defendant personally obtained, as well as the property used, or intended to be used, in any manner or part, to commit, or

to facilitate the commission of, the offense charged in Count One of the Indictment, shall be entered against the defendant.

2. As a result of the offense charged in Count One of the Indictment, to which the defendant pled guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, KYLE WEILAND and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture

Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rule(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity

of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. Any net proceeds, defined in paragraph 11, resulting from a sale of the Specific Property forfeited to the United States under a Final Order of Forfeiture (the "Net Proceeds") shall be applied toward satisfaction of the Money Judgement.

11. The Net Proceeds shall include:

    i. All amounts received from any commercially viable sale of the Specific Property after payment of any and all amounts due on any valid liens on the Specific Property, disbursements, offsets,

and/or costs and expenses incurred by the United States Marshals Service or its designees in connection with the custody, maintenance and sale of the Specific Property.

ii. All amounts received from the sale of the Slate Hill Property after payment of outstanding real estate taxes, state taxes, property taxes, transfer taxes, association taxes or other taxes which are due or owing, valid prior liens and mortgages, real estate commissions, insurance costs, escrow fees, document recording fees not paid by the buyer, title fees, county transfer fees, reasonable real estate attorney's fees, if any, and reasonable closing costs associated with the sale of the Slate Hill Property.

12. Any Net Proceeds resulting from the sale of the Specific Property forfeited to the United States under a Final Order of Forfeiture in an amount in excess of the $1,000,000.00 Money Judgment shall be returned to the defendant by the Government via transfer to an account designated by the defendant's attorney, or in any other manner agreed on by the Government and the defendant.

13. The defendant will cooperate with all reasonable requests of the United States Marshals Service and its designees in connection with the sale of the Specific Property.

14. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

15. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

16. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

17. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Chief of the Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

**[SPACE INTENTIONALLY LEFT BLANK]**

18. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____*Jessica Greenwood*_____         9/20/2018
MICHAEL C. McGINNIS                       DATE
JESSICA GREENWOOD
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-2305/1090

KYLE WEILAND,
Defendant

By: _____*[signature]*_____               9/20/18
KYLE WEILAND                              DATE

By: _____*[signature]*_____               9/20/18
ELENA FAST, ESQ.                          DATE
The Blanch Law Firm
261 Madison Avenue, 12th Floor
New York, NY 10016

SO ORDERED:

_____*[signature]*_____                   December 12, 2019
**LORNA G. SCHOFIELD**                    DATE
**UNITED STATES DISTRICT JUDGE**