UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                               :

UNITED STATES OF AMERICA         :

                                         :        18 Cr. 273 (LGS)

              -against-         :

                                         :        <u>ORDER</u>

KYLE WEILAND,                       :

                          Defendant.   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

**<u>Background</u>**

       WHEREAS, on April 3, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A);

       WHEREAS, on September 20, 2018, Defendant pleaded guilty to one count of Distribution and Possession with Intent to Distribute Alprazolam in violation of 21 U.S.C. § 841. On December 5, 2019, Defendant was sentenced to six months' incarceration followed by three years of supervised release, including six months of home confinement;

       WHEREAS, Defendant represents in his motion that he surrendered to the Metropolitan Detention Center – Brooklyn ("MDC") on February 3, 2020, and that his release date is August 5, 2020;

       WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus. The first COVID-19 case in the State of New York was confirmed on February 29, 2020. *See Coronavirus in N.Y.: Manhattan Woman is First Confirmed Case in State*, at https://www.nytimes.com/2020/03/01/nyregion/new-york-coronvirus-confirmed.html. As of April 6, 2020, there were 122,596 confirmed cases. *See Coronavirus in the U.S.: Latest Map and Case Count*, at

https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (last viewed April 6, 2020). Over 4,000 persons have died in New York of the virus and over 9,600 have died nationwide. *Id.*;

**Exhaustion of Administrative Remedies**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) states,

> The court may not modify a term of imprisonment once it has been imposed, except . . . upon motion of the Director of the Bureau of Prison, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

WHEREAS, Defendant's motion does not indicate that he has exhausted his administrative remedies or otherwise satisfied this provision. On April 1, 2020, Defendant's counsel filed a request that the Bureau of Prisons ("BOP") file a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) on Defendant's behalf, but has not yet received a response;

WHEREAS, Defendant is incorrect that the Court has authority to waive the administrative exhaustion requirements stated in § 3582. *See e.g.*, *Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172 (2d Cir. 2004) ("[A]s a general rule, courts are required to strictly enforce statutory exhaustion requirements."); *United States v. Hernandez*, 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020);

**"Extraordinary and Compelling Reasons"**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) further provides that the court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission";

WHEREAS, the relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13,

provides that the Court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, No. 02 Cr. 743-07, 2020 WL 497987, at *1–2 (S.D.N.Y. Jan. 15, 2020);

WHEREAS, the Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition," "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A);

WHEREAS, some preliminary research studies have shown that "patients with underlying health conditions and risk factors, including, but not limited to, diabetes mellitus, hypertension, COPD, coronary artery disease, cerebrovascular disease, chronic renal disease, and smoking, might be at higher risk for severe disease or death from COVID-19." *Preliminary Estimates of the Prevalence of Selected Underlying Health Conditions Among Patients with Coronavirus Disease 2019 — United States, February 12–March 28, 2020* at http://dx.doi.org/10.15585/mmwr.mm6913e2external icon. Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Dante Stephens*, No. 15 Cr. 95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020);

WHEREAS, Defendant has not demonstrated the requisite extraordinary or compelling circumstances. Defendant is thirty-one years old, and represents that he has been diagnosed with

hypertension and bipolar disorder and that the BOP has designated him "high risk." *See United States v. Gileno*, No. 3:19 Cr. 161-1, 2020 WL 1307108, at *3 (D. Conn. Mar. 19, 2020) (finding a defendant suffering from anxiety, high blood pressure, high cholesterol, asthma and allergies had "not shown that his medical issues are sufficiently serious to modify his sentence to home confinement" under 18 U.S.C. § 3582(c)(1)(A));[1]

**Sentencing Factors Under Section 3553(a)**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) further requires a court to consider the factors set forth in § 3553(a) in considering whether to reduce a term of imprisonment. These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed -- **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; **(B)** to afford adequate deterrence to criminal conduct; **(C)** to protect the public from further crimes of the defendant; and **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a);

WHEREAS, the factors set forth in section 3553(a) do not support a reduction in sentence, as Defendant has served barely one-third of his six month sentence and granting Defendant time served would neither "afford adequate deterrence to criminal conduct" nor "promote respect for the law." *See United States v. Lisi*, No. 15 Cr. 457, 2020 WL 881994, at *6

---

[1] Defendant also raises Federal Rule of Civil Procedure 60(b), but a motion addressing the merits of Defendant's criminal conviction or sentence is beyond the scope of Rule 60(b). *See Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004).

(S.D.N.Y. Feb. 24, 2020) ("If the Court were to reduce its sentence to time served, it would in practical effect mean that [Defendant] will have served no time at all for [his crime]. . . Granting [the motion] would render this Court's sentence, and all its deterrent effect, a nullity."), *reconsideration denied*, No. 15 Cr. 457, 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020). It is hereby

**ORDERED** that for the reasons stated above, Defendant's motion for compassionate release is DENIED.

Dated: April 6, 2020
 New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE